IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDMOND LAMONT ROBERSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H–06–1411 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER GRANTING
## RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Pending in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2254 is Respondent's Motion for Summary Judgment (Document No. 8) against Petitioner's Federal Application for Writ of Habeas Corpus (Documents Nos. 1 and 3). Having considered the claims raised by Petitioner in his Federal Application for Writ of Habeas Corpus, Respondent's Motion for Summary Judgment in response thereto, the state court records, and the applicable law, the Court ORDERS,[1] for the reasons set forth below, that Respondent's Motion for Summary Judgment is GRANTED, Petitioner's Federal Application for Writ of Habeas Corpus is DENIED, and this § 2254 proceeding is DISMISSED on the merits.

### I.   Procedural History

---

[1] On September 6, 2006, pursuant to the parties' consent, this case was transferred by the District Judge to the undersigned Magistrate Judge for all further proceedings. *See* Document No. 13.

Petitioner Edmond Lamont Roberson ("Roberson") is currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, as the result of a conviction for possession of a controlled substance with the intent to deliver in the 351st District Court of Harris County, Texas, Cause No. 922674. Roberson was charged on August 29, 2002, plead not guilty, and on May 12, 2003, a jury found him guilty of possession with the intent to deliver a controlled substance (cocaine weighing more than four grams and less than 200 grams), as charged by the indictment. Roberson was sentenced to thirty-five years incarceration on May 12, 2003, following pleas of true to two enhancement paragraphs (both for prior Harris County convictions – felony delivery of a controlled substance in 1996 and felony aggravated assault in 2000).

Texas' First Court of Appeals appointed attorney Deborah Summers ("Summers") as Roberson's appellate counsel. On September 24, 2003, Summers filed a brief in accordance with *Anders v. California*[2] stating that the record reflected no reversible error or other grounds for appeal and further requesting the court allow her to withdraw from representation of Roberson. Roberson was instructed of his right to file a *pro se* appeal. Following two time extensions and denial of a third, Roberson submitted such a brief. The State filed its response on May 19, 2004. Roberson filed an additional *pro se* brief on June 23, 2004, containing a response to Summers' *Anders* brief and objections to the State's appellate brief. On September 30, 2004, the Court of Appeals for the First District of Texas affirmed the judgment of the trial court and granted Summers' motion to withdraw. Roberson's conviction became final on October 30, 2004. In vain, Roberson filed a petition for discretionary review with the Texas Court of Criminal Appeals on November 12, 2004, which was dismissed on December 22, 2004, as untimely filed.

---

[2]*Anders v. California*, 386 U.S. 738 (1967).

On August 5, 2005, Roberson filed a State Writ of Habeas Corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *Ex-Parte Edmond Lemont Roberson*, Application No. WR-63,263-01. In his state writ application, Roberson raised the claim of denial of effective assistance of appellate counsel based on Summers' determination that there were no non-frivolous grounds for appeal. On January 11, 2006, the Texas Court of Criminal Appeals denied Roberson's application with written order on findings of the trial court and without a hearing. Roberson filed this federal application for habeas corpus on April 24, 2006 (Document Nos. 1 & 3). Respondent subsequently filed a Motion for Summary Judgment (Document No. 8).

**II.     Claims**

Roberson raises one claim in this § 2254 proceeding: denial of effective assistance of counsel on direct appeal. In support, Roberson alleges the following facts:

> Appellate counsel's representation was unreasonable because [s]he did not raise or argue trial court erred in denying defense request for entrapment instruction in court's charge, and filed a deficient "frivolous appeal" brief by omitting the issue preserved for review, preventing him from properly presenting the issue to appellate court.

*See* Document No. 1.

This claim was raised by Roberson in his state application for writ of habeas corpus and rejected by the Texas Court of Criminal Appeals on the merits.

**III.     Discussion – Statute of Limitations**

In the Motion for Summary Judgment (Document No. 8), Respondent Quarterman first argues that Petitioner's federal habeas petition was untimely filed under the statute of limitations provision in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In addition, respondent contends that Roberson is not entitled to equitable tolling of the limitations period.

Under 28 U.S.C. § 2244(d), applicants for federal habeas corpus relief are subject to a one year limitations period as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, Roberson's conviction became final on October 30, 2004, when the deadline for Roberson to appeal the September 30, 2004, decision by the Court of Appeals with a petition for discretionary review expired. Roberson then had, under § 2244(d), one year from October 30, 2004, not including the time during which he had a state review proceeding pending, to file a timely § 2254

application.  Roberson's state application for writ of habeas corpus was filed on August 5, 2005. From this date until the state's ruling on January 11, 2006 (one hundred and fifty-nine days), the one year limitations period did not run, as provided for by § 2244(d)(2).  The limitations period then began to run again on January 12, 2006, until it expired on April 7, 2006 (one hundred and fifty-nine days after the original deadline of October 30, 2005).  This § 2254 claim was filed by Roberson on April 24, 2006, seventeen days after the limitations period expired.

Rare and exceptional circumstances may warrant the application of equitable tolling principles to a late-filed habeas corpus application.  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1999), *cert. denied*, 526 U.S. 1074 (1999).  Equitable tolling, however, is not available if the petitioner does not act diligently in attempting to meet the one year limitations deadline.  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000).  In addition, "garden variety claims of excusable neglect" will not warrant the application of equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002).

The Fifth Circuit has approved of equitable tolling in very limited circumstances, "'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"  *Fierro v. Cockrell*, 294 F.2d 674, 682 (5th Cir. 2002) (quoting *Coleman*, 184 F.3d at 402).  In *Davis*, the district court dismissed Davis' habeas corpus application as time-barred despite the court's previous orders which had granted Davis additional time to file his habeas corpus application.  The Fifth Circuit considered that those seemingly inconsistent rulings by the district court constituted exceptional circumstances which warranted the application of equitable tolling principles.  *Davis*, 158 F.3d at 808, 811-12.  Somewhat similarly, in *United States v. Patterson*, 211 F.3d 927 (5th Cir. 2000), the Fifth Circuit held rare and exceptional circumstances existed to warrant equitable tolling where the petitioner was under the

mistaken impression that he had until April 30, 1998, to file a timely § 2255 motion to vacate, and where that mistaken impression was furthered by the District Court who initially and incorrectly stated that the statute of limitations expired on April 30, 1998. Finally, in *Alexander v. Cockrell*, 294 F.3d 626, 629-630 (5th Cir. 2002), the Fifth Circuit concluded that the District Court had not abused its discretion by applying equitable tolling to a late-filed habeas corpus application where the Fifth Circuit's prior decision might have given the petitioner the "mistaken impression" that a subsequently filed habeas application would be timely.

Here, Roberson submits an affidavit containing circumstances which, he argues, warrant the application of equitable tolling. *See* Document No. 14. In it, Roberson's mother states that she attempted to file petitioner's federal habeas application at the Harris County District Clerk's office on April 5, 2006, two days before the statute of limitations would have run, but was given inaccurate advice on how to do so by the clerk on duty. Without looking to see that Roberson's state habeas application had already been properly filed and denied, the clerk instructed Ms. Roberson that she could not file a federal application before filing a state application. Ms. Roberson claims she did not go to the Federal District Clerk's office and timely file her son's federal writ that day due to the clerk's misguided advice. Because Roberson's mother's affidavit raises a genuine issue of material fact as to whether equitable tolling should apply, summary judgment is not available on Respondent's limitations defense.

### IV. <u>Discussion – Merits</u>

In his § 2254 application, Roberson claims that his appellate counsel was ineffective for failing to take issue with the trial court's denial of his request for an entrapment instruction in the court's charge. That claim was included in Roberson's state writ, which was denied by the Texas

Court of Criminal Appeals on the findings of the state trial court without a hearing. In his motion for summary judgment, Respondent alternatively argues that no relief is available to Roberson on the merits of his claim under § 2254(d).

Under the AEDPA, when a claim presented in a federal habeas proceeding has already been adjudicated on the merits in a state proceeding, federal review is limited. 28 U.S.C. § 2254(d) provides:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"[A] decision by a state court is 'contrary to' [the United States Supreme Court's] clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent.'" *Price v. Vincent*, 538 U.S. 634, 123 S. Ct. 1848, 1853 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)). A state court decision involves an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from the Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. But "'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly.

Rather, it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner.'" *Prince*, 538 U.S. at 641 (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25, 123 S. Ct. 357 (2002)).

As for factual issues, "the AEDPA precludes federal habeas relief unless the state court's decision on the merits was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' 28 U.S.C. § 2254(d)(2) (2000). In addition, the state court's factual determinations carry a presumption of correctness; to rebut them, the petitioner must present clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1) (2000)." *Smith v. Cockrell*, 311 F.3d 661, 667 (5th Cir. 2002), *cert. granted in part*, 124 S. Ct. 46 (2003).

Of utmost significance under § 2254(d) is the principle that once a federal constitutional claim has been adjudicated by a state court, a federal court cannot conduct an independent review of that claim in a federal habeas corpus proceeding. Rather, it is for the federal court only to determine whether the state court's decision was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, and whether the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Whether a federal habeas court would have, or could have, reached a conclusion contrary to that reached by the state court on an issue is not determinative. In addition, the correctness of the state court's decision is not determinative. As instructed by the Supreme Court in *Wiggins v. Smith*, 539 U.S. 510, 123 S. Ct. 2527, 2535 (2003), "[i]n order for a federal court to find a state court's application of our precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. . . . The state court's application must have been 'objectively unreasonable.'" (citations omitted).

Claims of ineffective assistance of appellate counsel are generally assessed under the two-part deficiency and prejudice standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under that standard, a petitioner must be able to show that his counsel's performance was objectively deficient and that the deficiency resulted in prejudice. In the appellate context, "[p]rejudice results if the attorney's deficient performance would likely render either the defendant's trial fundamentally unfair or the conviction and sentence unreliable." *United States v. Dovalina*, 262 F.3d 472, 474 (5th Cir. 2001). When the claim of ineffective assistance of appellate counsel is based on counsel's failure to raise a claim or issue on appeal, prejudice is established if it is shown "that the appeal would have had, with reasonable probability, a different outcome if the attorney adequately addressed the issue" and "that the attorney's deficient performance led to a fundamentally unfair and unreliable result." *Id.* at 474-75.

Under *Strickland*, judicial scrutiny of counsel's performance is highly deferential and a strong presumption is made that counsel "rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citing *Strickland*), *cert. denied*, 509 U.S. 921, 113 S. Ct. 3035, 125 L. Ed. 2d 722 (1993). In order to overcome the presumption of competency, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

In rejecting Roberson's ineffective assistance of counsel claim, the Texas Court of Criminal Appeals concluded that Roberson did not allege sufficient deficient conduct by appellate counsel to support a grant of habeas relief. The Texas Court of Criminal Appeals made the following findings and conclusions:

>1. Applicant fails to show that the conduct of appellate counsel fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different. (citations omitted); and
>
>2. Applicant fails to allege sufficient facts, which, if true, indicate his appellate counsel was ineffective, or that he is entitled to an out of time appeal. (citations omitted).

*Ex Parte Roberson*, Application No. WR-63,263-01 at 18.

The Texas Court of Criminal Appeals' determination that Roberson did not allege sufficient facts to support an ineffective assistance of appellate counsel finding is not based on an unreasonable determination of the facts, and is not contrary to or an unreasonable application of *Strickland*. In particular, having reviewed the trial transcript, the record of the State habeas proceedings, and appellate counsel's *Anders* brief, there is no reasonable probability that the result of Roberson's appeal would have been different if counsel had raised the proposed error. In order to pursue an entrapment defense, it is necessary for the defendant to admit to commission of the offense. *Norman v. State*, 588 S.W.2d 340, 345 (Tex. Crim. App. 1979); *Barnes v. State*, 70 S.W.3d 294, 305 (Tex. App. 2002). "This is because a denial of the commission of the offense is inconsistent with entrapment, as this defense assumes the that the offense was committed." *Norman*, 588 S.W.2d at 345. Roberson's trial counsel argued and presented evidence that the drugs were planted on Roberson and that the drugs' chain of custody was problematic. Such a defense was inconsistent with an admission of the offense, and would not have supported the defense of entrapment. Roberson's trial counsel's decision not to concede the elements of the crime was consistent with his case at trial, and carries a presumption of competence. *See Wilkerson*, above. Further, the trial court's denial of an entrapment instruction was appropriate based on that trial strategy. Given the evidence in the record, trial counsel's evident strategy, which was inconsistent with an entrapment

defense, and the trial court's proper denial of defendant's request of an entrapment instruction, appellate counsel was not ineffective for failing to take issue with the trial court's denial of Roberson's request for an entrapment instruction. Appellate counsel was similarly not ineffective with respect to the filing of the *Anders* brief.

Roberson has failed to meet his federal habeas burden of showing (1) objective unreasonableness in the Texas Court of Criminal Appeals' application of *Strickland* to the facts or (2) a clear and convincing rebuttal of the Texas Court of Criminal Appeals' factual determinations. The Texas Court of Criminal Appeals did not misapply *Strickland* when it held that Roberson did not allege sufficient facts to overcome the presumption of appellate counsel's competence in representation or demonstrate any reasonable probability of prejudice resulting from such representation. Accordingly, because the state courts' determination was proper under *Strickland*, no relief is available to Roberson on his ineffective assistance of counsel claim.

### V.    Conclusion and Order

Based on the foregoing, and the conclusion that no relief is available on the merits of Roberson's claims, the Magistrate Judge

ORDERS that Respondent's Motion for Summary Judgment (Document No. 8) is GRANTED, Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) is DENIED, and this § 2254 proceeding is DISMISSED WITH PREJUDICE. It is further

ORDERED that a Certificate of Appealability is DENIED. A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, where the claims have been dismissed on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir.), *cert. denied*, 534 U.S. 945 (2001). When the claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A court may deny a certificate of appealability *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

For the reasons set forth herein, the Court determines that reasonable jurists would not find the merits of this case debatable. Therefore, a Certificate of Appealability will not issue.

Signed at Houston, Texas, this 23rd day of February, 2007.

Frances H. Stacy
United States Magistrate Judge